**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

October 10, 2007

# NOTICE OF CORRECTION

From:   Clerk's Office

Case Style:   Murphy v. Nathan & Nathan, P.C.

Case Number:   2:07-cv-00849-WKW

**This Notice of Correction was filed in the referenced case this date to correct the erroneous PDF document previously attached by E-Filer to include the jury demand.**

**The correct PDF document is attached to this notice for your review.   Reference is made to document # 4  filed on   October 8, 2007.**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL MURPHY, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CASE NO.: 07-849-WKW |
| | § | |
| NATHAN & NATHAN P.C., | § | |
| | § | |
| DEFENDANT. | § | |

## FIRST AMENDED COMPLAINT

**COMES NOW** the Plaintiff, MICHAEL MURPHY by and through the undersigned attorney and states a claim for relief as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction over this matter based upon Fair Debt Collection Practices Act, (FDCPA) 15 U.S.C. § 1692 et seq., and 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law.

2. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

### FACTUAL ALLEGATIONS

3. Plaintiff is a resident of Barbour County, Alabama.

4. Defendant is a debt collector as defined by the FDCPA.

5. On or about September 2006, the Plaintiff received a collection call from the Defendant concerning a debt that was in litigation in the Small Claims Court of Barbour County.

6. Plaintiff informed the Defendant that the debt was not owed by him and that he was in the process of proving that in the Court of Barbour County.

7. Sometime in November 2006, after another collection call, Plaintiff informed the Defendant's agent that the debt was no longer owed as the original creditor's case was dismissed against him.

8. This information did not deter the Defendant on attempting to collect the debt, as the Plaintiff was called by the Defendant several times a month for a period of about 6-8 months.

9. Plaintiff spoke to several agents of the Defendant during this time and informed them that the debt was no longer owed and to cease calling his home.

10. Prior to filing this lawsuit, Plaintiff continued receiving phone calls at an increased rate concerning the debt.

11. Over the past month alone, the Plaintiff began receiving several phone calls a day by the Defendant regarding the debt.

12. Plaintiff answered the phone on several occasions to once again inform the Defendant that the debt was not owed, but was hung up on by the Defendant each time before he could speak to the agent.

13. Plaintiff was also informed by one of the Defendant's agents that if the debt was not paid immediately, criminal charges would be filed against the Plaintiff and he would be forced to serve jail time for this debt.

14. Defendant has continued to harass the Plaintiff regarding a debt he does not owe and the Defendant has failed to cease its collection practices regarding this account.

## COUNT ONE
### (FDCPA Violation)

15. The Defendant has violated the FDCPA. The Defendant has presented actions that are:

   a. In a manner to harass, oppress, or abuse the Plaintiff into paying a debt he no longer owed;
   b. A use of language that the natural consequence of such use is to abuse the Plaintiff into paying a debt he no longer owed;
   c. A false representation or implication that nonpayment of the debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of the Plaintiff and the debt collector or creditor intends to take such action;
   d. A false and deceptive act which violates the FDCPA in other ways not specifically mentioned.

16. Plaintiff is entitled to actual damages, statutory damages, attorney's fees, and costs.

17. Plaintiff alleges said debt with Defendant is a consumer debt pursuant to 15 U.S.C. §1692a(5).

18.     As a result of the Defendant's violations of the FDCPA, the Plaintiff suffered actual damages, and is entitled to an award of statutory damages, costs, and attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

a.  Actual damages;
b.  Statutory damages pursuant to 15 U.S.C. §1692k;
c.  Costs and reasonable attorney's fee pursuant to 15 U.S.C. §1692k;
d.  For such other and further relief as may be just and proper.

## COUNT TWO
### (Wantonness)

19.     Plaintiff adopts and reasserts each and every allegation in each of the preceding paragraphs.

20.     The actions taken by Defendant in attempting to collect from Plaintiff amounts not owed and the manner in which the collection efforts constitute wantonness. Those actions were made with a wanton, reckless or conscious disregard for the Plaintiff's rights and well-being. Plaintiff suffered damage as a proximate result of Defendant's wantonness.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendant for wantonness and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT THREE
### (Negligence)

21.     Plaintiff adopts and reasserts each and every allegation in each of the preceding paragraphs.

22.     Defendant at all relevant times owed a duty to Plaintiff which included the duty to take reasonable actions and due care in managing his account. This included the duty to take reasonable measures to ensure that the debts collected against Plaintiff were those actually owed by Plaintiff. Defendant also owed a duty not to engage in unreasonable collection efforts aimed only at harassing Plaintiff and coercing him to pay even though he disputed the debt.

23.     Defendant breached the duties owed to Plaintiff. The collection actions taken against Plaintiff and Defendant's management of Plaintiff's account constitute negligence and Plaintiff has been damaged by Defendant's negligent actions.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendant for negligence and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

**RESPECTFULLY** submitted on this the ____ day of October, 2007.

_____
JAMES D. PATTERSON (PATTJ6485)
EARL P. UNDERWOOD, JR. (UNDEE6591)
Attorneys for Plaintiff

LAW OFFICE OF EARL P. UNDERWOOD, JR.
21 South Section Street
PO Box 969
Fairhope AL 36533
251.990.5558


**PLAINTIFF DEMANDS A TRAIL BY STRUCK JURY OF THE ISSUES IN THIS CASE.**

_____
James D. Patterson, Esq.