IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL MURPHY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. 2:07-cv-849-WKW |
| | * | |
| NATHAN & NATHAN, P.C., | * | |
| | * | |
| Defendant. | * | |

## **MOTION FOR LEAVE TO FILE AMENDED ANSWER**

Comes now the defendant, Nathan & Nathan, P.C., and moves the Court to allow it to file the attached Amended Answer which adds some affirmative defenses. Defendant's original Answer was filed on November 7, 2007 and this motion is made prior to the Uniform Scheduling Order deadline of January 31, 2008 to file motions to amend pleadings. The original and one copy of the Amended Answer are attached hereto as **Exhibit A** and made a part hereof in accordance with Local Rule 15.1.

/s/ Ronald G. Davenport
RONALD G. DAVENPORT (DAV044)
Attorney for Defendant Nathan & Nathan, P.C.

OF COUNSEL:

Rushton, Stakely, Johnston & Garrett, P.A.
P. O. Box 270
Montgomery, AL 36101
(334) 206-3100
(334) 481-0804 (fax)
rgd@rsjg.com

1

2

## CERTIFICATE OF SERVICE

      I hereby certify that on January 3, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James D. Patterson, Esq.
Earl P. Underwood, Jr., Esq.
Law Office of Earl P. Underwood, Jr.
P. O. Box 969
Fairhope, AL 36533

                                          /s/ Ronald G. Davenport
                                          OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL MURPHY, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *  Case No. 2:07-cv-849-WKW |
| | * |
| NATHAN & NATHAN, P.C., | * |
| | * |
| Defendant | * |

### AMENDED ANSWER OF DEFENDANT NATHAN & NATHAN, P.C. TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Comes now the defendant, Nathan & Nathan, P.C., and amends its Answer to plaintiff's complaint, as amended, to read as follows:

### JURISDICTION AND VENUE

1. This defendant denies the allegations contained in paragraph 1 of plaintiff's complaint, as amended, and demands strict proof thereof.

2. This defendant denies the allegations contained in paragraph 2 of plaintiff's complaint, as amended, and demands strict proof thereof.

### FACTUAL ALLEGATIONS

3. This defendant is without knowledge or information sufficient to answer the allegations contained in paragraph 3 of plaintiff's complaint, as amended.

4. This defendant denies the allegations contained in paragraph 4 of plaintiff's complaint, as amended, and demands strict proof thereof.

5. This defendant denies the allegations contained in paragraph 5 of plaintiff's complaint, as amended, and demands strict proof thereof.

EXHIBIT A

1

6. This defendant denies the allegations contained in paragraph 6 of plaintiff's complaint, as amended, and demands strict proof thereof.

7. This defendant denies the allegations contained in paragraph 7 of plaintiff's complaint, as amended, and demands strict proof thereof.

8. This defendant denies the allegations contained in paragraph 8 of plaintiff's complaint, as amended, and demands strict proof thereof.

9. This defendant denies the allegations contained in paragraph 9 of plaintiff's complaint, as amended, and demands strict proof thereof.

10. This defendant denies the allegations contained in paragraph 10 of plaintiff's complaint, as amended, and demands strict proof thereof.

11. This defendant denies the allegations contained in paragraph 11 of plaintiff's complaint, as amended, and demands strict proof thereof.

12. This defendant denies the allegations contained in paragraph 12 of plaintiff's complaint, as amended, and demands strict proof thereof.

13. This defendant denies the allegations contained in paragraph 13 of plaintiff's complaint, as amended, and demands strict proof thereof.

14. This defendant denies the allegations contained in paragraph 14 of plaintiff's complaint, as amended, and demands strict proof thereof.

### COUNT ONE
### (FDCPA Violation)

15. This defendant denies the allegations contained in paragraph 15 of plaintiff's complaint, as amended, and demands strict proof thereof.

16. This defendant denies the allegations contained in paragraph 16 of plaintiff's complaint, as amended, and demands strict proof thereof

17    This defendant denies the allegations contained in paragraph 17 of plaintiff's complaint, as amended, and demands strict proof thereof.

18    This defendant denies the allegations contained in paragraph 18 of plaintiff's complaint, as amended, and demands strict proof thereof.

## COUNT TWO
### (Wantonness)

19.   This defendant adopts its answers to all preceding paragraphs contained in plaintiff's complaint.

20.   This defendant denies the allegations contained in paragraph 20 of plaintiff's complaint, as amended, and demands strict proof thereof.

## COUNT THREE
### (Negligence)

21.   This defendant adopts its answers to all preceding paragraphs contained in plaintiff's complaint.

22.   This defendant avers that it at all times met any applicable duties. This defendant otherwise denies the allegations contained in paragraph 22 of plaintiff's complaint, as amended, and demands strict proof thereof.

23    This defendant denies the allegations contained in paragraph 23 of plaintiff's complaint, as amended, and demands strict proof thereof.

24.   This defendant denies each and every allegation of plaintiff's complaint, as amended, not herein admitted, controverted or specifically denied.

## DEFENSES

25.   For a first, separate and distinct defense, this defendant pleads the defense of "bona fide error."

26. For a second, separate and distinct defense, this defendant asserts the defense of bona fide good faith.

27. For a third, separate and distinct defense, this defendant avers that the applicable statute of limitations expired prior to the commencement of plaintiff's action against this defendant.

28. This defendant reserves the right to amend and add other defenses as may later become apparent and applicable.

/s/ Ronald G. Davenport
RONALD G. DAVENPORT (DAV044)
Attorney for Defendant Nathan & Nathan, P.C.

OF COUNSEL:

Rushton, Stakely, Johnston & Garrett, P.A.
P. O. Box 270
Montgomery, AL 36101
(334) 206-3100
(334) 481-0804 (fax)
rgd@rsjg.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James D. Patterson, Esq.
Earl P. Underwood, Jr., Esq.
Law Office of Earl P. Underwood, Jr.
P. O. Box 969
Fairhope, AL 36533

/s/ Ronald G. Davenport
OF COUNSEL

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL MURPHY, | * |
| Plaintiff, | * |
| v. | *  Case No. 2:07-cv-849-WKW |
| NATHAN & NATHAN, P.C., | * |
| Defendant. | * |

## AMENDED ANSWER OF DEFENDANT NATHAN & NATHAN, P.C. TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Comes now the defendant, Nathan & Nathan, P.C., and amends its Answer to plaintiff's complaint, as amended, to read as follows:

### JURISDICTION AND VENUE

1   This defendant denies the allegations contained in paragraph 1 of plaintiff's complaint, as amended, and demands strict proof thereof.

2.   This defendant denies the allegations contained in paragraph 2 of plaintiff's complaint, as amended, and demands strict proof thereof.

### FACTUAL ALLEGATIONS

3.   This defendant is without knowledge or information sufficient to answer the allegations contained in paragraph 3 of plaintiff's complaint, as amended.

4.   This defendant denies the allegations contained in paragraph 4 of plaintiff's complaint, as amended, and demands strict proof thereof.

5.   This defendant denies the allegations contained in paragraph 5 of plaintiff's complaint, as amended, and demands strict proof thereof.

EXHIBIT A

1

6. This defendant denies the allegations contained in paragraph 6 of plaintiff's complaint, as amended, and demands strict proof thereof.

7. This defendant denies the allegations contained in paragraph 7 of plaintiff's complaint, as amended, and demands strict proof thereof.

8. This defendant denies the allegations contained in paragraph 8 of plaintiff's complaint, as amended, and demands strict proof thereof.

9. This defendant denies the allegations contained in paragraph 9 of plaintiff's complaint, as amended, and demands strict proof thereof.

10. This defendant denies the allegations contained in paragraph 10 of plaintiff's complaint, as amended, and demands strict proof thereof.

11. This defendant denies the allegations contained in paragraph 11 of plaintiff's complaint, as amended, and demands strict proof thereof.

12. This defendant denies the allegations contained in paragraph 12 of plaintiff's complaint, as amended, and demands strict proof thereof.

13. This defendant denies the allegations contained in paragraph 13 of plaintiff's complaint, as amended, and demands strict proof thereof.

14. This defendant denies the allegations contained in paragraph 14 of plaintiff's complaint, as amended, and demands strict proof thereof.

## COUNT ONE
### (FDCPA Violation)

15. This defendant denies the allegations contained in paragraph 15 of plaintiff's complaint, as amended, and demands strict proof thereof.

16. This defendant denies the allegations contained in paragraph 16 of plaintiff's complaint, as amended, and demands strict proof thereof.

17. This defendant denies the allegations contained in paragraph 17 of plaintiff's complaint, as amended, and demands strict proof thereof.

18. This defendant denies the allegations contained in paragraph 18 of plaintiff's complaint, as amended, and demands strict proof thereof.

## COUNT TWO
### (Wantonness)

19. This defendant adopts its answers to all preceding paragraphs contained in plaintiff's complaint.

20. This defendant denies the allegations contained in paragraph 20 of plaintiff's complaint, as amended, and demands strict proof thereof.

## COUNT THREE
### (Negligence)

21. This defendant adopts its answers to all preceding paragraphs contained in plaintiff's complaint.

22. This defendant avers that it at all times met any applicable duties. This defendant otherwise denies the allegations contained in paragraph 22 of plaintiff's complaint, as amended, and demands strict proof thereof.

23. This defendant denies the allegations contained in paragraph 23 of plaintiff's complaint, as amended, and demands strict proof thereof.

24. This defendant denies each and every allegation of plaintiff's complaint, as amended, not herein admitted, controverted or specifically denied.

## DEFENSES

25. For a first, separate and distinct defense, this defendant pleads the defense of "bona fide error."

26. For a second, separate and distinct defense, this defendant asserts the defense of bona fide good faith.

27. For a third, separate and distinct defense, this defendant avers that the applicable statute of limitations expired prior to the commencement of plaintiff's action against this defendant.

28. This defendant reserves the right to amend and add other defenses as may later become apparent and applicable.

/s/ Ronald G. Davenport
RONALD G. DAVENPORT (DAV044)
Attorney for Defendant Nathan & Nathan, P.C.

OF COUNSEL:

Rushton, Stakely, Johnston & Garrett, P.A.
P. O. Box 270
Montgomery, AL 36101
(334) 206-3100
(334) 481-0804 (fax)
rgd@rsjg.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James D. Patterson, Esq.
Earl P. Underwood, Jr., Esq.
Law Office of Earl P. Underwood, Jr.
P. O. Box 969
Fairhope, AL 36533

/s/ Ronald G. Davenport
OF COUNSEL

4